UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSEPH COOPER,

          Petitioner,                    Case No. 1:25-cv-940

v.                                            Honorable Ray Kent

MATT LEIRSTEIN,

          Respondent.
_____/

**OPINION**

Petitioner Joseph Cooper is a detainee at the Emmet County Correctional Facility in Petoskey, Michigan. Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention violates his constitutional rights.[1] (Petition, ECF No. 1; Suppl. Petition, ECF No. 4.)[2]

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

---

[1] When Petitioner filed his petition, he did not specifically reference "28 U.S.C. § 2241"; however, in his petition, Petitioner challenges pending state criminal proceedings in the Emmet County Circuit Court. Therefore, Petitioner's petition is properly filed under 28 U.S.C. § 2241, and the Court construes this habeas action as proceeding pursuant to § 2241.

[2] Petitioner also filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court regarding the same Emmet County Circuit Court criminal charges. *See Cooper v. Leirstein*, No. 1:25-cv-970 (W.D. Mich.).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.[3] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

---

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

to th[e] action at the time the magistrate entered judgment.").[4] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.     Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner is currently detained at the Emmet County Correctional Facility pending state criminal charges in the Emmet County Circuit Court. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

---

[4] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## II.     Factual Allegations

Petitioner is charged with two counts of delivery/manufacture of a controlled substance, second or subsequent violation, pursuant to Mich. Comp. Laws §§ 333.7401, 333.7413, and one count of using a computer to commit a crime, in violation of Mich. Comp. Laws § 752.797. *See* Case Details, *State of Mich. v. Cooper*, No. 2025-5746-FH (Emmet Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C57 (select "Case Number Search," enter "2025" in the first box, enter "5746" in the second box, enter "FH" in the third box, and select "search") (last visited Sept. 9, 2025).

In his petition, Petitioner contends that his constitutional rights have been violated during his state criminal proceedings in Emmet County. (*See generally* Petition, ECF No. 1; Suppl. Petition, ECF No. 4.) The petition is not a model of clarity; however, Petitioner sets forth alleged violations that occurred as related to the issuance of the "arrest warrant" and during other proceedings in his state criminal case, and it appears that Petitioner seeks the dismissal of the charges against him. (*See generally* Petition, ECF No. 1; Suppl. Petition, ECF No. 4.) In the supplement to the petition, without providing any further explanation, Petitioner also states: "I don't know if I should try for bond again or wait." (Suppl. Petition, ECF No. 4, PageID.13.)

## III.     Exhaustion Under § 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.*

4

at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The United States Court of Appeals for the Sixth Circuit has approved consideration of a pretrial § 2241 petition in the following exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *see Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); (3) when a petitioner claims that he has been subjected to excessive bail, *Atkins*, 644 F.3d at 549; and (4) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, as to Petitioner's claims that the state criminal charges against him are unconstitutional and that the charges against him should be dismissed, that relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, although not specifically articulated by Petitioner, to the extent that Petitioner intended to raise an excessive bail claim in the present petition, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion

of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Here, Petitioner states that he "tried writing [the judge in his state criminal case]"; however, Petitioner does not indicate that he pursued the matter further. (Petition, ECF No. 1, PageID.2.) And, a review of public dockets indicates that there are no pending Michigan appellate court matters linked to Petitioner. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied

6

on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the petition without prejudice for lack of exhaustion, and denying a certificate of appealability.

Dated:  September 10, 2025                         /s/ Ray Kent
                                                                                       Ray Kent
                                                                                       United States Magistrate Judge